UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

ALBERT LAVIN,

               Plaintiff,

    -against-

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

               Defendant.

------------------------------------- x



MEMORANDUM DECISION
AND ORDER

17 Civ. 6503 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Albert Lavin, *pro se*, seeks a writ of mandamus compelling Defendant U.S. Citizenship and Immigration Services ("USCIS") to process the I-130 petition that Plaintiff filed on behalf of his daughter, a citizen of the Dominican Republic.[1] (*See* Compl., ECF No. 2.) On November 14, 2017, Defendant filed a motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) Before this Court is Magistrate Judge Sarah Netburn's March 5, 2018 Report and Recommendation, (the "Report," ECF No. 24), recommending that Defendant's motion to dismiss be granted.[2] (*Id.* at 6.) In the Report, Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 6–7.) No objections have been

---

[1] A United States citizen whose relative wishes to immigrate to the United States may file an "Immigration Form I-130 petition, which asks the government to recognize an alien as 'an immediate relative' of a United States citizen." *Silva v. U.S. Citizenship & Immigration Servs.*, No. 13 Civ. 8920 (VB), 2015 WL 2330304, at *1 (S.D.N.Y. Mar. 26, 2015). If the petition is granted, "the immigrant may then apply for an immigrant visa." *Id.*

[2] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

1

filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full. Defendant's motion to dismiss is GRANTED.

## I. LEGAL STANDARDS

### A. Report and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Rule 12(b)

"A district court must dismiss a cause of action under Rule 12(b)(1) for lack of subject matter jurisdiction when it 'lacks the statutory or constitutional power to adjudicate [the claim].'" *Cresci v. Mohawk Valley Cmty. Coll.*, 693 F. App'x 21, 23 (2d Cir. 2017). "When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Schaeffler v. United States*, 696 F. App'x 542, 543 (2d Cir. 2017) (quoting *Fox v. Bd. of Trustees*, 42 F.3d 135, 140 (2d Cir. 1994)). "In the immigration and naturalization context, courts have dismissed cases as moot where the agency, such as USCIS, to which the plaintiff has applied provides the relief sought in the complaint prior to the court's adjudication." *Jinbin Wu v. Johnson*, No. 16 Civ. 4523 (KAM), 2018 WL 1115215, at *4 (E.D.N.Y. Feb. 27, 2018); *see also Li v. Napolitano*, No. 08 Civ. 7353 (JGK), 2009 WL 2358621, at *3 (S.D.N.Y. July 30, 2009) (same).

## II. PLAINTIFF'S CLAIM IS MOOT

Plaintiff alleges that he filed I-130 petitions on behalf of his wife and daughter, who are citizens of the Dominican Republic, in 2015. (Compl. at 5.) His wife's petition was granted, and she was eventually able to immigrate to the United States. (*Id.* at 5–6.) However, his daughter's petition was not decided, and Plaintiff alleges that USCIS "los[t]" the petition. (*Id.* at 6.) On June 20, 2017, Plaintiff filed a new petition on behalf of his daughter. (*Id.* at 11.) On October 11, 2017, USCIS approved Plaintiff's daughter's petition. (Declaration of Nelsy De La Nuez, ECF No. 12, ¶ 2 & Ex. 1.) As the Report notes, Plaintiff's complaint states that the relief he is seeking is for his "dau[g]hter['s] papers to go forward." (Compl. at 6.) Thus, the Report correctly found that Plaintiff's complaint is moot. (Report at 5.)

## III. AMENDMENT WOULD BE FUTILE

In February 2018, after the I-130 petition Plaintiff submitted on his daughter's behalf was granted, Plaintiff filed a visa application on her behalf. (Notice of Motion for Emergency Relief ("Emergency Relief Mot."), ECF No. 19, at 2 (attaching confirmation of visa application).) In opposition to Defendant's motion to dismiss, Plaintiff seeks "Emerge[n]cy Relief[] re[garding a] visa" for his daughter.[3] (*See* Notice of Motion to Review Documents, ECF No. 16, at 3.[4]) Plaintiff asks that the filing fee associated with his daughter's visa application be waived. (*Id.* at 4.) As

---

[3] As the Report notes, on February 8, 2018, Plaintiff filed a separate motion for emergency relief seeking to expedite the approval of his daughter's visa application. (Report at 3 n.2; *see also* Emergency Relief Mot., ECF No. 19.) The Government opposed the motion. (*See* Letter from Nelsy De La Nuez, Asst. U.S. Att'y, to Hon. Sarah Netburn, (Feb. 14, 2018), ECF No. 20.) Magistrate Judge Netburn denied that motion by an order dated February 14, 2018. (ECF No. 21.) On February 15, 2018, Plaintiff submitted an additional letter to this Court reiterating his request that his daughter's visa application be expedited. (*See* Letter from Plaintiff to Judge George B. Daniels (Feb. 15, 2018), ECF No. 23.)

[4] Though the document submitted by Plaintiff is titled "Notice of Motion," (*see* Notice of Motion to Review Documents, ECF No. 16), the Report correctly construed the document as a submission in opposition to Defendant's motion to dismiss. (*See* Report at 5.)

3

the Report notes, the Department of State is responsible for adjudicating visa applications, and the Department of State is not named as a defendant in this action. (Report at 5 (citing 22 C.F.R. § 42.71(a)); *see also Reid*, 492 F.2d at 256. The Report correctly found that granting Plaintiff leave to amend the complaint to add the Department of State as a defendant would be futile, because this case does not present any extraordinary circumstances that would warrant a grant of mandamus compelling the Department of State to take any action regarding Plaintiff's daughter's visa application. (Report at 5–6.) Thus, the Report correctly concluded that Plaintiff's complaint should be dismissed without leave to amend. (*Id.* at 7.)

## IV. **CONCLUSION**

Magistrate Judge Netburn's Report is ADOPTED. Defendant's motion to dismiss (ECF No. 10) is GRANTED. The Clerk of Court is directed to close the motion and this case.

Dated: New York, New York
April 13, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4